884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Warren E. SAINT THOMAS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 89-3260.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1989.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on April 28, 1989, Docket No. SF04328610540, sustaining the United States Department of the Navy's (agency) removal of Warren E. Saint Thomas from his position as a Management Analyst, GS-343-11, is vacated and the proceeding remanded.
 
 OPINION
 
 2
 Jurisdiction lies in this court under 5 U.S.C. Sec. 7703 (1982) notwithstanding that Saint Thomas filed his petition for review seven days prior to the board's April 28 Order declining review. Given the unique procedural history of this case, and the pro se status of Saint Thomas, any other result would be unjustified. Nor is this appeal moot because, as recognized in the government's brief, Saint Thomas' petition for review filed with this court also challenged the merits of the Administrative Law Judge's initial decision, not merely the board's failure until April 28 to act on his petition.
 
 
 3
 Turning to the merits, in a removal case pursuant to Chapter 43 of Title 5, there is no per se requirement that an agency establish by substantial evidence before the board that an employee was performing unsatisfactorily prior to receiving notice of unacceptable performance. See, e.g., Adkins v. Department of Housing and Urban Development, 781 F.2d 891, 896 (Fed.Cir.1986) (affirming board's decision sustaining agency's removal of employee that was based solely on performance during the 60-day improvement period). However, that requirement may exist when the quantitative elements required to establish unsatisfactory performance make it necessary for the agency to do so.
 
 
 4
 Here, "Critical Element # 1" requires that "[s]taff work is to be completed for all assigned program areas or special assignments." Under the Basic Performance Appraisal Program approved by the Office of Personnel Management, the lower limit of acceptable performance of that critical element is characterized as "marginal" performance and defined as "[n]o more than 3 documented instances of incomplete or incorrect staff work per performance year." (Emphasis added.) There is no alternative standard of unacceptable performance based solely on qualitative considerations. Therefore, to sustain the agency's removal of Saint Thomas, the agency has the burden of establishing by substantial evidence more than three instances of error in a performance year.
 
 
 5
 In sustaining the agency's removal of Saint Thomas, the board considered only one reported instance of error. Although that error, occurring during the 45-day improvement period, can support the Administrative Law Judge's finding that Saint Thomas' performance "remained unsatisfactory after being given a reasonable opportunity to improve," under the applicable performance standard that one error is insufficient to establish unacceptable performance. Four such errors were required and therefore to sustain its burden of proof the agency would have had to prove three or more errors during or prior to the improvement period. Although earlier errors were alleged in the "Notice of Unsatisfactory Performance Against a Critical Element of the Basic Performance Appraisal Program (BPAP)" given Saint Thomas, the agency offered no proof of them and the Administrative Law Judge made no finding they had been proven.
 
 
 6
 Nor can the decision be sustained because of multiple deficiencies in the one assignment during the improvement period since the performance standard requires three or more "instances," meaning separate occasions, duties, or assignments. Accordingly, the board's decision is vacated and the proceeding remanded to the board so that it may consider the parties' submissions relating to the period prior to Saint Thomas receiving the notice of unacceptable performance, and may determine whether the agency has established by substantial evidence that Saint Thomas committed more than three instances of error in a performance year.
 
 Costs
 
 7
 Petitioner is entitled to costs.